# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HENRY SMITH,

    Petitioner,

v.

SHANE JACKSON, *Warden*,

    Respondent.

Case No. 18-cv-12070-LJM-APP
Honorable Laurie J. Michelson

## ORDER GRANTING RE-SUBMITTED MOTION TO STAY [9]

Henry Smith was convicted in state court of assault with intent to commit murder and lesser offenses. The case involved the shooting of Matthew Ridley, who was shot twice in the head in an abandoned house in Detroit and suffered brain injuries. Ridley identified Smith—a drug-dealing associate—as the shooter. Smith's trial defense was that Ridley suffered from confabulation as a result of his brain injury, and that Ridley honestly but mistakenly believed that Smith shot him. Smith's habeas corpus petition raises the same claims that he raised on direct appeal in the Michigan courts.

Along with his habeas corpus petition, Smith filed a motion to stay the case so that he could present additional claims to the state courts in a post-conviction proceeding. But the motion did not even list the claims. As the Court was unable to determine whether Smith had good cause for failing to raise the unidentified claims earlier or whether they had any merit, the Court denied the motion without prejudice. (ECF No. 8.)

Smith has filed a second motion to stay the case. (ECF No. 9.) This time, Smith lists several new claims of ineffective assistance of counsel. For one, Smith claims that his trial counsel was ineffective for failing to call Detective Byrge at trial. Smith claims that Byrge took a statement

from the victim that someone other than Smith shot him (which would support his confabulation defense). (ECF No. 9, PageID.234.) Smith says he did not discover the existence of the detective's statement until after his motion for leave to appeal (presumably to the Michigan Supreme Court) was already pending. (ECF No. 9, PageID.236.) Smith's renewed motion also asserts that counsel failed to challenge an identification procedure, failed to challenge the charging documents, failed to challenge the habitual offender charge, and failed to impeach prosecution witnesses. (ECF No. 9, PageID.234–35.) But not unlike his first motion, the details of these claims are missing.

Smith's motion also indicates that he has already filed a motion for relief from judgment in the state trial court. The Wayne County Circuit Court's website confirms that a hearing on Smith's motion for relief from judgment is set for September 3, 2019.

When, as here, a habeas corpus petition presents only exhausted claims, the Court may either adjudicate the exhausted claims while the petitioner simultaneously exhausts additional claims in state court or stay the petition while the petitioner seeks state-court collateral relief. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942–43 (E.D. Mich. 2015).

As before, it is difficult for the Court to evaluate the merits of the claims listed in Smith's motion for stay because Smith does not provide the facts and law underlying these claims. At least Officer Byrge's name appears on a police report appended to filings in the Rule 5 materials. It appears he was assigned to the case after the officers who testified at trial (Douglas and Robinson) spoke with the victim at the scene. (*See* ECF No. 11, PageID.844.) And Byrge did not testify at trial. So perhaps one of Smith's claims is not plainly meritless.

The Court anticipates no significant prejudice to the Warden in staying the petition. The Warden did not oppose Smith's motion to stay. And while the Warden has responded to Smith's

petition, that response will presumably not be affected by Smith's new ineffective-assistance claims. Instead, the Warden can file a supplemental response to address Smith's new claims.

Further, if the Court denied the stay and decided the petition before Smith completes state post-conviction review, he would need to satisfy a very high burden to receive authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(2).

Smith might have good cause for failure to exhaust his new ineffective-assistance claims. He references an affidavit about appellate counsel in support of good cause. (*See* ECF No. 9, PageID.235–36.) But the affidavit is not attached to the motion. So the Court knows little else other than Smith apparently thinks his appellate counsel was ineffective.

In all, while a stay is somewhat questionable in this situation, the Court will grant Smith's motion to stay. The state court proceedings have already begun. Should Smith not obtain relief in the trial court, he must file a timely application for leave to appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals, and then if necessary to the Michigan Supreme Court.

Within 60 days after the conclusion of state-court post-conviction proceedings in the Michigan Supreme Court, Smith may move to amend his petition to add the newly-exhausted claims and to reopen this proceeding. Failure to do so will result in the forfeiture of these claims.

It is ORDERED that the motion to stay is GRANTED and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Smith's state post-conviction review proceeding.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be

considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: August 1, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, August 1, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager